UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  4:89cr4033-WS

AARON HOFFMAN,
a/k/a DEVON HAYES,

    Defendant.

ORDER DENYING DEFENDANT'S MOTION
FOR MODIFICATION OF SENTENCE

Before the court is the defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Doc. 253. The government has responded in opposition to the motion, doc. 255, and the defendant has filed a reply. Doc. 258.

In 1990, the defendant, Aaron Hoffman ("Hoffman"), was found guilty of conspiracy to possess with the intent to distribute cocaine base. At sentencing, the court determine Hoffman's base offense level to be 36, based upon evidence that the offense involved over 500 grams of cocaine base. His base offense level was increased by two levels for obstruction of justice, resulting in a total offense level of 38. With a Category IV criminal history, Hoffman's guideline range of imprisonment was 324-405 months. The court sentenced Hoffman to 360 months imprisonment.

Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if a subsequent amendment to the sentencing guidelines lowers the relevant guideline range. Hoffman contends that he is entitled to a reduction in sentence pursuant to Amendment 591, made retroactive by U.S.S.G. § 1B1.10. In essence, Hoffman argues that his sentence runs afoul of Amendment 591 because he was sentence based upon a conspiracy involving more than 500 grams of cocaine base even though the indictment charged, and the jury convicted him of, a conspiracy to possess 50 grams of cocaine base. Hoffman is mistaken.

Appendix A of the guidelines manual connects offenses, identified by statute, with guidelines set out in Chapter 2 of the manual. The Chapter 2 guidelines instruct courts how to score various factors typical of a particular crime in calculating an offense level. Amendment 591 amended the application rules in Chapter 1 to require sentencing courts to select, except in limited circumstances, the Chapter 2 offense guideline prescribed for the offense of conviction. With one exception not relevant here, the amendment discontinued the practice adopted by some courts of selecting a guideline section in Chapter 2 based on uncharged relevant conduct.

Hoffman was convicted of an offense under 21 U.S.C. § 846. When Hoffman was sentenced, the guidelines provided that, for an offense under section 846, a defendant's base offense level was to be determined by applying guidelines section 2D1.4, which, in turn, required application of section 2D1.1. In Hoffman's case, the court used sections 2D1.4 and 2D1.1 as the starting point to calculate Hoffman's offense level. Amendment 591 effected no change to that starting point.

Because Hoffman was sentenced under the appropriate offense guideline section for convictions under section 846, Amendment 591 does *not* entitle him to a reduction of sentence.

Accordingly, it is ORDERED:

1. Hoffman's motion for modification of sentence (doc. 253) is DENIED.

2. The clerk shall enter judgment accordingly.

DONE AND ORDERED this August 10, 2005.

    /s William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE